Per Curiam.

It appears from the bill of exceptions taken on the trial in this *578 case, that the plaintiffs in the court below offered in evidence the record of the notary who protested the note, and gave the notices, to prove the liability of the defendants. It was objected to, on the single ground that the affidavit which accompanied the certificate of the notary was not sufficient. It is in these words: “ personally appeared before the undersigned, justice of the peace in and for said county, James R. Cook, (the notary,) who made oath that the written certificate of record contains the truth, to the best of his knowledge and belief.” The court admitted the record, and we do not think there was any error in so doing. We have no doubt that perjury may well be assigned on this affidavit, and that if the facts set forth in the record are. not true, the notary would not be permitted to evade the consequences, by the form of his oath. It is too well settled to need the aid of authority, that if a witness swears falsely hp may be convicted of perjury, notwithstanding the statement is made under his belief of the fact. The guilt is the same both in the forum of conscience, and in the eye of the law. It is the corrupt intent which is the criterion of guilt; and it determines the question whether it is made a positive statement or according to belief.
The judgment must be affirmed.